UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
HERBERT ROY ZUCKER,

            Plaintiff,

   -against-                      **MEMORANDUM AND ORDER**
                                        Case No. 21-CV-4825-FB-ST
HSBC BANK, USA, N.A., and PHH
MORTGAGE CORPORATION,

            Defendants.
--------------------------------------------------x

*Appearances:*
For the Plaintiff:                       *For the Defendants:*
NATHANIEL H. AKERMAN          PRESTON L. ZARLOCK
137 Riverside Drive, Suite 11A      Phillips Lytle LLP
New York, New York 10024         620 Eighth Avenue, 38th Floor
                                                  New York, New York 10018

JOHN KALEY
Doar, Rieck, Kaley & Mack            JACQUELYN N. SCHELL
217 Broadway, Suite 707              Ballard Spahr LLP
New York, New York 10007         1675 Broadway, 19th Floor
                                                  New York, New York 10019

**BLOCK, Senior District Judge:**

I

This case concerns the foreclosure of a mortgage on property owned by Herbert Roy Zucker in Nassau County. The mortgage is held by HSBC Bank USA, Inc. ("HSBC"), and serviced by PHH Mortgage Corporation ("PHH").

The mortgage at issue dates to April 2006 and was modified in February

2009. When Zucker defaulted a few months later, HSBC accelerated the mortgage and filed a foreclosure action. However, it then negotiated a second mortgage modification with Zucker, leading to the voluntary dismissal of the foreclosure action in August 2013.

Zucker made payments pursuant to the modified mortgage, but HSBC and PHH began rejecting them as insufficient in 2014 and eventually threatened to foreclose. In a lawsuit filed in 2017, Zucker sought a declaration that foreclosure was time-barred. He further alleged that HSBC and PHH had violated, *inter alia*, the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"). Judge Hurley found that the 2013 loan modification agreement had restarted the statute of limitations, and that the claimed violations of RESPA and TILA were inadequately pleaded. *See Zucker v. HSBC Bank, USA*, 2018 WL 2048880 (E.D.N.Y. May 2, 2018) ("*Zucker I*"). He ultimately dismissed the entire case with prejudice.

Based on Judge Hurley's decision, HSBC filed a new foreclosure action in state court in 2018. In response, Zucker filed this lawsuit. His amended complaint contains six counts: (1) violations of RESPA, (2) violations of TILA, (3) violations of section 349 of New York's General Business Law ("§ 349"), (4) breach of contract, (5) breach of the implied covenant of good faith and fair dealing, and (6) negligence. Zucker claims that all six counts arise from the 2018

foreclosure, which postdated Judge Hurley's decision.[1] HSBC and PHH moved to dismiss.

## II

On August 1, 2022, Magistrate Judge Tiscione issued a report and recommendation ("R&R") recommending, *inter alia*, that Counts 1 and 2 be dismissed as barred by *res judicata*, and that Counts 3 through 6 be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state cognizable claims. Zucker timely objected, triggering this Court's *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). For the following reasons, Zucker's objections are

---

[1] Zucker insists, somewhat confusingly, that HSBC and PHH "knowingly and with corrupt intent predicat[ed] the Foreclosure Action on the original April, 2006 mortgage with the higher interest rate of 6.5%." Am. Compl. ¶ 5. The 2013 modification does indeed lower the interest rate to 2% for a period of eight years. But it further states that "the Mortgages shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Mortgages shall be diminished or released by any provisions hereof." HSBC's Mot. to Dismiss, Ex. 2. In other words, the 2013 modification amended, but did not replace, the 2006 mortgage. Foreclosing that mortgage upon default was entirely appropriate.

What Zucker presumably means to argue is that he made adequate monthly payments based on the lower interest rate, and that HSBC and PHH refused to accept them because they were improperly calculating the amount due based on the higher rate. If true, then Zucker was not in default and HSBC and PHH could not validly foreclose.

3

overruled.

### A. *Res Judicata*

"[T]he doctrine of res judicata, or claim preclusion, provides that '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). "The first judgment will preclude a second suit only when it involves the same 'transaction' or connected series of transactions as the earlier suit[.]" *Id.* "Thus, as a matter of logic, when the second action concerns a transaction occurring after the commencement of the prior litigation, claim preclusion generally does not come into play." *Id.*

As Magistrate Judge Tiscione correctly stated, "the only question for claim preclusion purposes is whether the claims in this action were or could have been asserted in *Zucker I*." R&R at 8. He then addressed each of the six counts of the amended complaint. He found the first two barred because the claimed violations of RESPA and TILA arose out of Zucker's purported 2014 default, which was unquestionably at issue in *Zucker I*. By contrast, he found the last four counts arose out of the 2018 foreclosure action and, therefore, could not have been raised in *Zucker I*.

Zucker objects that RESPA and TILA impose continuing duties that give

4

rise to a new claim every time they are breached. That is correct but misses the point. As Magistrate Judge Tiscione recognized, the relevant inquiry for purposes of *res judicata* is whether the new RESPA and TILA claims arose from the same "transaction" as the claims dismissed in *Zucker I*. He correctly reasoned that they did. The statutory obligations invoked in the amended complaint are triggered upon the borrower's delinquency, not the lender's foreclosure. It is undisputed that HSBC and PHH considered Zucker delinquent in 2014 when they stopped accepting his payments. Therefore, any RESPA and TILA claims could have been raised when *Zucker I* was filed three years later. Indeed, Zucker did raise such claims, albeit in a conclusory fashion insufficient to survive dismissal. That HSBC and PHH allegedly continued to violate the statutes after *Zucker I* was dismissed does not undermine the preclusive effect of the dismissal on any RESPA and TILA claims that flowed from the same claimed delinquency. *See L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999) ("Res judicata applies even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence." (internal quotation marks omitted)).

B.  **Failure to State a Claim**

Magistrate Judge Tiscione concluded that Zucker's four remaining counts— violation of § 349, breach of conduct, breach of the implied covenant of good faith

5

and fair dealing, and negligence—were not barred by *res judicata* because each was premised on the filing of the 2018 foreclosure action. He nevertheless recommended dismissal of all four for failure to state a claim. The Court will address Zucker's objections in turn.

   1. *§ 349*

With respect to section 349, Magistrate Judge Tiscione concluded that the 2018 foreclosure action was "'[p]rivate contract dispute[], unique to the parties' and as such does 'not fall within the ambit of' NYGBL § 349(a)." R&R at 22 (quoting, with alterations, *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995)). Zucker objects that "what happened to Zucker was potentially the same type of conduct that happened to the other consumers that were the subject of the state and federal investigations into HSBC's mortgage practices that resulted in the 2016 Consent Judgment with HSBC agreeing to pay $470 million to remediate the harm it caused to consumers in 49 states from its 'unfair and deceptive conduct.'" Pl's. Objs. at 19.

The Court disagrees. The consent judgment deals generally with HSBC's duty to maintain and provide accurate information regarding borrowers' account information. It does not follow that the alleged breach of that duty in this case affected anyone other than Zucker. Indeed, a fair reading of the amended complaint reflects the theory that HSBC and PHH refused to accept Zucker's

payments because they had not noted the 2013 loan modification agreement, which is unique to this case. There is no plausible inference that the error was anything more than a "single shot transaction," which is not actionable under § 349. *Genesco Entertainment v. Koch*, 593 F. Supp. 743, 752 (S.D.N.Y. 1984).

### 2. Breach of Contract

Magistrate Judge Tiscione recommended dismissal of Zucker's breach of contract claim on the ground that the amended complaint failed to identify a specific contractual provision that was breached. Zucker objects that his breach of contract claim references the 2013 loan modification agreement "with its interest of 2%," which HSBC breached "by seeking to obtain 6.5% interest in the Foreclosure Action." Pl's. Objs. at 23. As noted, however, the loan modification amended the mortgage, but did not replace it. The amended complaint does not allege that HSBC was not entitled to 6.5% upon default. Rather, it alleges that Zucker was not in default. While that is a perfectly valid defense to foreclosure, it does not established that HSBC breached any specific contractual provision.

### 3. Breach of Implied Covenant

As Magistrate Judge Tiscione recognized, "all contracts imply a covenant of good faith and fair dealing in the course of performance." R&R at 25 (quoting *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153 (2002)). It is not, however, "a general code establishing some amorphous standard of good

7

behavior between contracting parties." *Cambridge Capital LLC v. Ruby Has LLC*, 565 F. Supp. 3d 420, 457 (S.D.N.Y. 2021). Rather, it "only applies where an implied promise is so interwoven into the contract as to be necessary for effectuation of the purposes of the contract." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 407 (2d Cir. 2006) (internal quotation marks omitted)).

As with his breach of contract claim, Zucker objects that the amended complaint alleged that HSBC breached the implied covenant by basing the foreclosure action on the 2006 mortgage. As already explained, that was an entirely appropriate course of action. And under New York law, a dispute about whether the borrower is in default does not mean that the lender has breached an implied promise to bring a foreclosure action only upon default. *Cf. Bank v. Am., N.A. v. Terry*, 111 N.Y.S.3d 636, 638 (2d Cir. 2019 ("A dispute as to the exact amount owed by the mortgagor to the mortgagee may be resolved after a reference . . . and the existence of such a dispute does not preclude the issuance of summary judgment directing the sale of the mortgaged property." (internal quotation marks omitted)).

### 4. *Negligence*

With respect to Zucker's negligence claim, Magistrate Judge Tiscione noted that contracting parties in general, and mortgage lenders in particular, do not owe any independent tort duties. Zucker concedes this but argues that RESPA creates

8

independent duties that can form the basis of a negligence action if breached. Problematically, however, the Court has already held that any duties under RESPA were triggered by Zucker's purported default in 2014, not by the filing of the 2018 foreclosure action. Since the negligence claim is expressly based on damages flowing from the foreclosure action, RESPA cannot be the source of the duty necessary to the claim.

### III

For the following reasons, the Court overrules Zucker's objections and adopts the R&R. Because the problems with the amended complaint are more than mere pleading deficiencies, the Court denies Zucker's request for further leave to amend. Accordingly, the amended complaint is dismissed with prejudice.

**SO ORDERED.**

                                                                  /S/ Frederic Block
                                                                 FREDERIC BLOCK
                                                                 Senior United States District Judge

Brooklyn, New York
October 31, 2022